UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| SABLE WINFREE, | ) | |
|---|---|---|
| | ) | Case No. 4:24-cv-35 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Susan K. Lee |
| WARREN COUNTY SCHOOL DISTRICT, et al., | ) | |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM OPINION

Before the Court is Defendants Warren County School District, Mendy Stotts, Chris Hobbs, and Grant Swallows's motion for judgment on the pleadings (Doc. 16). For the following reasons, the Court will **GRANT** Defendants' motion (*id.*).

I.     **BACKGROUND**

Plaintiff Sable Winfree is a student at Warren County High School and was, at the time of the alleged incident, a member of the women's basketball team. (Doc. 1, at 2.) Plaintiff had been offered a full scholarship to play basketball at Trevecca Nazarene University. (*Id.* at 4.) On November 15, 2023, Defendant Mendy Stotts, the women's basketball coach, pulled Plaintiff out of practice to speak with her in the hallway. (*Id.* at 3.) Stotts "yell[ed]" at Plaintiff, "saying she was tired of [Plaintiff's] disrespect towards her" and accused Plaintiff of calling her the "f-word" during practice. (*Id.*) Stotts told Plaintiff that "[Stotts] no longer wanted her as part of the basketball team." (*Id.*) That same night, Plaintiff emailed Phillip King, one of the school's athletic directors, to request a meeting. (*Id.*)

The next day, on November 16, 2023, Plaintiff and her mother met with King and Assistant Principal Anna Geesling to discuss the incident. (*Id.*) Plaintiff's mother explained that she had never heard about any disciplinary proceedings prior to Plaintiff being kicked off the team. (*Id.*) Another meeting was held the next day, this time with King, Principal Chris Hobbs, Stotts, Plaintiff, her parents, her grandparents, and a family friend. (*Id.* at 3–4.) At the meeting, Stotts said she had evidence that Plaintiff said "the f-word," while Plaintiff stated that there were witnesses who would testify that she did not say the "f-word." (*Id.* at 4.) Plaintiff was not allowed to present those witnesses. (*Id.*) At the end of meeting, Stotts dismissed Plaintiff from the basketball team. (*Id.*) Hobbs upheld Stotts's decision. (*Id.*) Two weeks after Plaintiff was dismissed from the team, Trevecca Nazarene rescinded her scholarship offer. (*Id.*) Plaintiff alleges she also "had anticipated" scholarship offers from Middle Tennessee State University and Tennessee Tech University, but these offers never came. (*Id.* at 5.)

On April 4, 2024, Plaintiff filed the present action. (Doc. 1.) Plaintiff alleges that Defendants violated her due process rights by dismissing her from the team without a hearing and defamed her by falsely stating that she had said "the f-word." (*Id.* at 5–7.) Defendants subsequently moved for judgment on the pleadings. (Doc. 16.) The motion is now ripe.

II.     STANDARD OF REVIEW

According to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Though the statement need not contain detailed factual allegations, it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-

me accusation." *Id.*

A defendant may obtain dismissal of a claim that fails to satisfy Rule 8 by filing a motion pursuant to Rule 12(c). A Rule 12(c) motion for judgment on the pleadings is analyzed using the same standards that apply to 12(b)(6) motions for failure to state a claim. *Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007). Thus, on a Rule 12(c) motion, the Court considers not whether the plaintiff will ultimately prevail, but whether the facts permit the court to infer "more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. For purposes of this determination, "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008) (quoting *JPMorgan Chase Bank, N.A. v. Winget,* 510 F.3d 577, 581 (6th Cir. 2007)). This assumption of veracity, however, does not extend to bare assertions of legal conclusions, *Iqbal*, 556 U.S. at 679, nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

After sorting the factual allegations from the legal conclusions, the Court next considers whether the factual allegations, if true, would support a claim entitling the plaintiff to relief. *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). This factual matter must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "A motion brought pursuant to

Rule 12(c) is appropriately granted 'when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.'" *Tucker*, 539 F.3d at 549.

### III. ANALYSIS

#### A. Due Process Claim

Plaintiff argues that students have a property interest in playing on a school sports team "when they are faced with suspension or removal from their respective teams, and that removal results in the student-athlete losing one or more athletic scholarships to colleges or universities."[1] (Doc. 27, at 2.)

In order to establish a due process claim, a plaintiff must show that she has "been deprived of a life, liberty, or property interest." *Tomaszczuk v. Whitaker*, 909 F.3d 159, 164 (6th Cir. 2018) (quoting *Ashki v. INS*, 233 F.3d 913, 921 (6th Cir. 2000)). "Without a protected interest, [a] procedural due process claim fails as a matter of law." *Perry v. Ohio High Sch. Athletic Ass'n*, No. 05-CV-937, 2006 WL 2927260, at *3 (S.D. Ohio Oct. 11, 2006). Here, there is no need to engage in a rigorous analysis because the Sixth Circuit has repeatedly held that "[a student] has neither a liberty nor a property interest in interscholastic athletics subject to due process protection." *Brindisi v. Regano*, 20 F. App'x 508, 510 (6th Cir. 2001); *Poling v. Murphy*, 872 F.2d 757, 764 (6th Cir. 1989) ("This court has heretofore held that the privilege of participating in interscholastic athletics . . . is outside the protection of due process.") (internal quotations and citation omitted). Tennessee also does not recognize an interest in participating

---

[1] In her complaint, Plaintiff claims she also has been deprived of a liberty interest "in her good name." (Doc. 1, at 6.) Plaintiff does not address this claimed liberty interest in her opposition to Defendants' motion for judgment on the pleadings. (*See generally* Doc. 27.) Plaintiff also clarifies that "[she] does not ask that she be given a hearing to clear her name," only that Plaintiff "should have been entitled to notice and a hearing to defend herself" before being removed from the basketball team. (*Id.* at 7 (internal quotations omitted).)

in school sports. *See Robertson v. Tenn. Secondary Sch. Athletic Ass'n*, No. W201900015COAR3CV, 2019 WL 3337095, at *4 (Tenn. Ct. App. July 25, 2019) ("The Students did not have a 'legally recognized right to participate in high school athletics. The right to participate was a mere privilege.'") (quoting *Tenn. Secondary Sch. Athletic Ass'n v. Cox*, 221 Tenn. 164, 176 (1968)). Most courts outside of the Sixth Circuit agree. *See Ward v. Tennessee Secondary Sch. Athletic Ass'n*, No. 222CV02626, 2022 WL 5236834, at *4 (W.D. Tenn. Oct. 5, 2022) (collecting cases).

Furthermore, courts have held that the due process analysis is no different when a student has an athletic scholarship. *See Ifeanyi v. Alvey*, No. 1:18-cv-193, 2018 WL 8805034, at *7 (S.D. Ohio July 23, 2018) (rejecting a plaintiff's claim to a due process interest in an athletic scholarship and noting that many other jurisdictions have concluded that "student athletes have no protectable property interest in their athletic scholarships"); *Grabowski v. Ariz. Bd. of Regents*, 69 F.4th 1110, 1123–24 (9th Cir. 2023) (collecting cases). Courts that have assumed that a scholarship could constitute a property interest have noted that the mere offer of a scholarship is not enough.[2] *See Spath v. Nat'l Collegiate Athletic Ass'n*, 728 F.2d 25, 29 (1st Cir. 1984) (noting that even if a scholarship did represent a property interest, "[a plaintiff] must allege a deprivation of his property without due process *after* he accepted his [ ] scholarship") (emphasis in original).

---

[2] The Second Circuit recently recognized a student's property interest in a one-year athletic scholarship that the student had already accepted. *Radwan v. Manuel*, 55 F.4th 101, 125 (2d Cir. 2022). However, the court limited its holding to scholarships that were "for a fixed period and terminable only for cause," reasoning that a student could "reasonably expect[] to retain the scholarship's benefits for that set period." *Id.* Here, Plaintiff only had "a [] scholarship *offer*" from one school and "anticipated [] scholarship offer[s]" from two more. (Doc. 1, at 4.) This is far from the guaranteed, fixed-term scholarship described in *Radwan*.

Plaintiff points to a handful of non-binding cases where courts have found a property interest in participation in school sports. (*See e.g.,* Doc. 27, at 4 (discussing *Boyd v. Bd. of Dirs.*, 612 F.Supp. 86 (E.D. Ark. 1985)).) This is hardly a deep bench of cases, and, regardless, Plaintiff's argument runs afoul of binding precedent.[3] *See*, *e.g.*, *Brindisi*, 20 F. App'x at 508. While the Court recognizes the practical impact that a scholarship offer often has on the ability of a student to obtain a higher education, it does not have the discretion to ignore the weight of binding precedent.

Because Plaintiff does not have a due process interest in continued participation in school sports, her due process claim must be dismissed.[4]

### B. Defamation Claim

Plaintiff also brings a state-law defamation claim, arguing that Defendants defamed her by falsely alleging that she said the "f-word."[5] (Doc. 1, at 6.)

"[A] federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006). Continuing to exercise supplemental jurisdiction should only be done "in cases

---

[3] In fact, Plaintiff's argument has been directly considered by the Sixth Circuit. In *Brindisi*, the Sixth Circuit examined *Boyd v. Board of Directors*, 612 F.Supp. 86 (E.D. Ark. 1985), one of the cases Plaintiff argues this Court should follow. 20 F. App'x at 508. However, the Sixth Circuit explicitly declined to follow *Boyd*, noting that, "[w]hile plaintiffs urge us to follow those cases which have found some protected interest in continued participation in interscholastic sports . . . we are bound by our precedent." *Id.* This Court is bound by the same precedent.

[4] Defendants argue that individual Defendants are entitled to qualified immunity. (Doc. 19, at 22.) Because the Court has already determined Plaintiff has no due process interest in playing on the basketball team, it need not consider this issue.

[5] Plaintiff never actually explains what "the f-word" is, or even the context in which it was allegedly used. (*See generally* Doc. 1.) Such details are important when they form the basis of a defamation claim. There are certainly contexts in which the use of "the f-word" would be more offensive than others.

where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh [] concern over needlessly deciding state law issues." *Id.* (internal quotation omitted). When "all federal law claims are eliminated before trial, the balance of factors to be considered under pendent jurisdiction doctrine, judicial economy, convenience, fairness, and comity, will point toward declining to exercise jurisdiction over the remaining state law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Because the claim over which the Court has original jurisdiction has been dismissed, the basis for the Court's original jurisdiction is extinguished. The Court finds that the interests of judicial economy and abstaining from needlessly deciding state-law issues weigh in favor of declining to exercise supplemental jurisdiction over the remaining state-law defamation claim.

### IV. CONCLUSION

For the following reasons, the Court **GRANTS** Defendants' motion for judgment on the pleadings (Doc. 16). Plaintiff's due process claim is **DISMISSED WITH PREJUDICE** and Plaintiff's defamation claim is **DISMISSED WITHOUT PREJUDICE**. Because no claims remain against any Defendant in this matter, the case will be **DISMISSED**. Furthermore, Defendants' motion to stay discovery (Doc. 18) is **DENIED AS MOOT**.

**AN APPROPRIATE JUDGMENT SHALL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**